IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEMITRIA BUTLER,                    )
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )        CIVIL ACTION NO. 3:10cv828-WHA
                                    )                    (wo)
CHARTER COMMUNICATIONS, INC.,       )
PROTECTION ONE SYSTEMS, et al.,     )
                                    )
                    Defendants.     )


**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Plaintiffs' Motion to Remand and Request for Attorney Fees, Expenses, and Costs (Doc. #14).

The Plaintiff, Demitria Butler ("Butler"), filed her case on August 27, 2010, in the Circuit Court of Macon County, Alabama, bringing state law claims against Charter Communications, Inc. ("Charter"); Protection One Systems ("Protection One"); and fictitious defendants.   The Plaintiff is a citizen of Alabama.

The Plaintiff's claims arise from a fire which resulted in a total loss of her residence and its contents.  She brings claims for negligence/wantonness against Charter (Count One), breach of contract against Charter (Count Two), negligence/wantonness against Protection One (Count Three), and breach of contract against Protection One (Count Four).  The Complaint seeks an unspecified amount in compensatory damages for the loss of the house, its contents, and the Plaintiff's emotional distress, as well as punitive damages.

The Defendants removed the case to this court pursuant to 28 U.S.C. § 1446(b) on September 29, 2010, on the basis of diversity jurisdiction.[1]  The Plaintiff seeks remand of the case to state court, stating that the amount in controversy does not exceed $75,000.  The Plaintiffs also initially disputed that there is a complete diversity of parties.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II.  REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.  DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Id.*

---

[1]  The Defendants originally removed the case under both the first and second paragraph of §1446(b), but have now made it clear that they seek to have the court consider attached copies of public records in support of a § 1446(b), first paragraph removal.

Butler stated in her Motion to Remand that this case lacks complete diversity of parties. The Defendants have alleged that they are companies incorporated in states other than Alabama with principal places of business other than Alabama.  The Defendants have also attached copies of records from the office of the Alabama Secretary of State to support these allegations.  In her Reply, Butler does not challenge these allegations or the evidence supporting them. Accordingly, the court concludes that complete diversity of citizenship exists and that the only remaining issue is whether the requisite amount is in controversy.

When an *ad damnum* clause includes a demand for a specific amount of damages which is less than the jurisdictional amount, the defendant is "required to prove to a legal certainty that plaintiff, if she prevailed," would not recover less than the jurisdictional amount.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994).  To sustain federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, however, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

As stated above, in this case, Butler filed a Complaint seeking unspecified compensatory and punitive damages for the loss of her home, the contents of her home, and mental anguish. *See* Complaint at p. 7.

The Defendants removed the case arguing that it was obvious from the allegations of the Complaint that the amount in controversy exceeds $75,000, pointing out that Butler seeks

3

punitive and compensatory damages.  In arguing that the court can ascertain from the face of the

Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs, the

Defendants rely on *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).  This court

agrees with another district court within this circuit, however, that *Roe*, an Alabama wrongful

death case, should not be extended to non-wrongful death cases merely on the basis that punitive

damages are sought.  *See SUA Ins. Co. v. Classic Home Builders, LLC*, No. 10-0388-WS-C,

2010 WL 4664968, at *9 (S.D. Ala. Nov. 17, 2010).   As in *SUA*, this court "is not free to simply

assume," that Butler is likely to be awarded substantial punitive damages.  *Id.*

The Defendants also seek to demonstrate that the value of the property for which Butler

seeks compensation exceeds the jurisdictional amount by attaching to the Notice of Removal a

copy of a record purported to be from the Macon County Revenue Commissioner's office.  The

attached document indicates that the year before the fire which destroyed her home, Butler's

home and land together were appraised at $ 114,000.  The land alone was appraised at $4,000.

Charter Communications, in its separately-filed opposition to the Motion to Remand, also

presents an appraisal document to establish that the value of the land after the fire was appraised

at $4,000.

Butler originally took the position that this court is limited to consideration of evidence

provided by her, relying on *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).   As

Butler has seemingly acknowledged in her reply, however, the court can consider documents

proffered by the Defendants pursuant to the holding in *Pretka v. Kolter City Plaza II, Inc.*, 608

4

F.3d 744 (11th Cir. 2010), because this case was removed under the first paragraph of 28 U.S.C. § 1446 (b).[2]

In *Pretka*, the Eleventh Circuit clarified the law regarding cases removed pursuant to the first paragraph of § 1446(b), distinguishing those cases from *Lowery*, which was a § 1446(b), second paragraph case. *Id.* at 757. The court explained that language in *Lowery*, which restricts the evidence to be considered to evidence provided by the plaintiff, was dicta because *Lowery* itself was a § 1446(b), second paragraph case. *Id.* at 762. The court explained that evidence provided by the defendant can be considered by a court in determining whether the requisite amount in controversy existed at the time of removal in a § 1446(b), first paragraph case, and the court is not limited to considering evidence provided the defendant by the plaintiff or the court. *Id.* at 768. In *Pretka*, the court considered the allegations of the complaint, contracts attached to it, and a declaration attached to the notice of removal. *Id.* at 770. The *Pretka* court went on to state that a court may consider both the evidence attached to a notice of removal, as well as post-removal evidence, to establish the facts present at the time of removal. *Id.* at 772-73.

---

[2] 28 U.S.C. § 1446 (b) provides as follows:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Although Butler concedes in her Reply that the court can consider evidence in this case, Butler argues that the property appraisal records provided by the Defendants should not be considered by this court because they are unsworn and unauthenticated, and have handwritten notes on them.   Butler cites no authority for the proposition that this court cannot consider the documents provided in ruling on a Motion to Remand, nor does Butler challenge the accuracy of the appraisal amounts on the copied records.

In a case favorably cited in *Pretka* for another proposition, a district court in this circuit concluded that documents do not have to strictly comply with all prerequisites of admissibility to be considered on a motion to remand.  *See Spottswood v. Stewart Title Guar. Co.*, No. 10-0109, 2010 WL 1539993, at *4 n.11 (S.D. Ala. Apr. 16, 2010); *see also Pretka*, 608 F.3d at 765.   The court reasoned that a court's ruling on a motion to remand is not an evidentiary finding, but a preliminary ruling.  *Id.*  Other district courts within this circuit also have concluded the failure to authenticate a document is not a sufficient ground to exclude it from consideration in a motion to remand.  *See Katz v. J.C. Penney Corp., Inc.*, No. 09cv60067, 2009 WL 1532129, at *2 (S.D. Fla. June 1, 2009) (considering a county property report); *Davenport v. Ford Motor Corp.*, No. 1:05cv3047, 2006 WL 2048308, at *4 n. 5 (N.D. Ga. July 20, 2006) (considering bill of sale).

In *Pretka*, the court made it clear that it is permissible for Defendants to make "specific factual allegations establishing jurisdiction and . . . support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."  *Pretka*, 608 F.3d at 754.  The Defendants are not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.  Pretka* also re-affirmed the idea that the remand determination may require "summary-judgment-type"

6

evidence.  *Id.* at 755.  A court can consider otherwise inadmissible evidence in ruling on a Rule 56 motion for summary judgment as long as that evidence is reducible to admissible form. *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir.2005).

In view of these authorities, the court is persuaded that it may properly consider the copied documents presented by the Defendants in ruling on the instant Motion to Remand.  The copies of records, which are stated to be from the Macon County Revenue Commissioner's office, indicate that Butler has suffered a property loss of approximately $110,000, even without consideration of the contents of the dwelling.  Notably, Butler does not dispute the accuracy of these appraisals.  Therefore, the specific facts alleged by the Defendants, and supported by the attachments to the Notice of Removal and opposition to remand, along with the request for additional damages for emotional distress and punitive damages, sufficiently establish that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

## V.  CONCLUSION

As discussed above, the court concludes that the Defendants have met their burden to demonstrate that the requisite amount is in controversy, so that this court has diversity subject matter jurisdiction.  Accordingly, the Motion to Remand for lack of subject matter jurisdiction is hereby ORDERED DENIED.   The Motion to Remand having been denied, it is further ORDERED that the Plaintiff's request for costs, expenses, and attorneys' fees is DENIED.

DONE this 15th day of December, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE