IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEMITRIA BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 3:10cv828-WHA |
| ) | |
| CHARTER COMMUNICATIONS, INC., ) | (wo) |
| PROTECTION ONE SYSTEMS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This cause is before the court on a Motion to Dismiss Plaintiff's Amended Complaint (Doc. #29), filed by Defendant Protection One Systems.

Having been given time in which to do so, the Plaintiff, Demitria Butler ("Butler") filed an Amended Complaint, bringing claims against Charter Communications, Inc. ("Charter") and Protection One Systems ("Protection One"). Butler brings claims for negligence/wantonness against Charter (Count One), breach of contract against Charter (Count Two), negligence/wantonness against Protection One (Count Three), and breach of contract against Protection One (Count Four).

Butler alleges that she had a contract with Protection One whereby Protection One was to monitor her home, protect it against loss by theft or fire, and notify local emergency services in the event of a breach of security or fire. Butler alleges that when a fire occurred at her home on August 27, 2008, the alarm failed to activate and Protection One failed to notify the Tuskegee Fire Department or other fire departments in the vicinity. Butler further alleges that Charter failed to provide a consistently working telephone on August 27, 2008, or otherwise failed to

provide a telephone line so that emergency services could be contacted in the event of a fire. *Id.* at ¶ 17. Butler also pleads both that the defendants are individually liable, and that they are jointly liable. *Id.* at ¶ 9.

Charter answered the Amended Complaint. Protection One filed the instant motion, seeking dismissal of the claims asserted against it. The court held oral argument on the Motion to Dismiss on March 16, 2011.

At oral argument, counsel for Butler conceded that the wantonness claim against Protection One is due to be dismissed. Counsel for Butler also clarified that Butler's contention is either that the phone line for which Charter was responsible was not operational, or that it was in fact operational, and Protection One failed in its obligation to notify the authorities.

Butler must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See *Ashcroft v. Iqbal,* _ U.S. _, 129 S.Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Twombly*, 550 U.S. at 556.

Butler's Amended Complaint does not merely allege a formulaic recital of the elements of a claim, but rather alleges that a fire occurred, the authorities were not notified, and that the party charged with the duty to notify the authorities failed to do so. The court cannot conclude that the additional allegation that the phone line within the control of another Defendant may not have been consistently operational that day means that Butler's claims against Protection One are

implausible.  *See, e.g., Allstate Ins. Co. v. James,* 779 F.2d 1536, 1540 (11th Cir. 1986) ("Litigants in federal court may pursue alternative theories of recovery, regardless of their consistency."); *Fed. R. Civ. Pro.* 8(e) ("Pleadings must be construed so as to do justice.").

Accordingly, Protection One Systems' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #29) is due to be and is hereby ORDERED GRANTED as to Butler's wantonness claim and DENIED in all other respects.

Done this17th day of March 2011.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE