IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEMITRIA BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 3:10cv828-WHA |
| ) | |
| CHARTER COMMUNICATIONS, INC., ) | (wo) |
| PROTECTION ONE SYSTEMS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

### I. INTRODUCTION

This case is before the court on Plaintiff's Motion to Substitute Name of Defendant, filed on July 6, 2011 (Doc. #61) and a Motion for Summary Judgment by Marcus Cable Associates, LLC and Charter Fiberlink-Alabama, LLC and/or In the Alternative Partial Summary Judgment, jointly filed on September 1, 2011 (Doc. #74).

The Plaintiff, Demitria Butler ("Butler"), originally filed her case in the Circuit Court of Macon County, Alabama, bringing state law claims against Charter Communications, Inc. and Protection One Systems ("Protection One").

The Defendants removed the case to this court pursuant to 28 U.S.C. § 1446(b) on September 29, 2010, on the basis of diversity jurisdiction. The Plaintiff subsequently filed a Motion to Remand, which the court denied after finding that it had diversity subject matter jurisdiction. The court concluded that there was complete diversity of the parties and that the evidence of the value of Butler's home, in light of her request for unlimited compensatory damages as well as punitive damages, meant that the amount in controversy was satisfied.

Protection One filed a Motion to Dismiss, which the court granted, dismissing Butler's

claims without prejudice, and allowing her time to re-plead her claims against Protection One.

Butler filed an Amended Complaint, again bringing claims against Charter Communications, Inc. and Protection One.  Butler brought claims for negligence/wantonness against Charter Communications, Inc.  (Count One), breach of contract against Charter Communications, Inc. (Count Two), negligence/wantonness against Protection One (Count Three), and breach of contract against Protection One (Count Four).

Charter Communications, Inc. answered the Amended Complaint, stating that it was incorrectly designated in the Amended Complaint and is properly referred to as Charter Fiberlink-Alabama, LLC.   Marcus Cable Associates, LLC filed a separate Answer, stating that it had been improperly designated in the Plaintiff's Complaint as Charter Communications, Inc.[1] The Plaintiff's Motion to Substitute will be granted accordingly, but the court will refer in this order to both entities jointly as "Charter."

For the reasons to be discussed, Charter's Motion for Summary Judgment is due to be GRANTED.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and   . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes

---

[1] In the Notice of Removal, Charter Fiberlink-Alabama, LLC and Marcus Cable Associates, LLC state that they are citizens of Delaware and Missouri.

demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56 (c)(1)(A),(B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

The Plaintiff, Demetria Butler, owned a home in Macon County, Alabama.   In March of 2008, Butler entered into a contract with Protection One to install fire and burglar alarm systems in the house.  Pursuant to this contract, Protection One would alert the local fire department upon Protection One's receipt of a signal from the Protection One monitoring equipment at Butler's home.  The signal would be received through the phone line.

Butler had been a customer of Charter since 1998.   In 2008, Butler had internet and cable television services through Charter.   On August 25, 2008, Butler added internet telephone services.  Butler's ex-husband, Erick Butler, states in an affidavit that from the time the equipment was installed, the phone line did not work properly.

On the morning of August 27, 2008, the Charter phone service was not working.  Butler has provided the Affidavit of Erick Butler in which he states that he called Charter on August 27, 2008 and reported that the phone was not working.  Butler Aff. at p. 1-2.  Erick Butler also states that the repairman responded to the call, looked into the problem, and said that he did not have what he needed to complete the job, and that he would be back. *Id.*  The repairman left after having been at the house for approximately thirty minutes. *Id.*  Erick Butler states that the phone was not working when the repairman left the home.  *Id.*

Shortly after the repairman left Butler's home on August 27, 2008, *see* Doc. 85 at p. 4, a fire occurred there.  The fire alarm system failed to notify the local fire department.  It appears that the fire started due to some electrical wiring in the master bedroom.  Butler's neighbor called her and told her that he saw smoke coming from her house and had called the fire department.  When Butler got home about thirty minutes after that call, part of her roof had caved in and the house was in flames.

Butler called Protection One and was told that Protection One did not alert the fire department because Protection One had never received a signal from the fire-detection system.

## IV. DISCUSSION

Marcus Cable Associates, LLC and Charter Fiberlink-Alabama, LLC (Charter) have moved for summary judgment, or in the alternative for partial summary judgment, on the grounds that Butler's claims are barred by local exchange service tariff, PSC No. 1; Butler's claims are barred by the Charter Communications Terms and Conditions of Residential Service Agreement; Butler's claims are barred because Charter is an intended third party beneficiary of the limitation of liability clause in the Protection One contract; and that the liability of Charter is limited under the residential service agreement. Finally, Charter argues that it is entitled to summary judgment because Butler's claims are speculative, and her theories of negligence, wantonness and/or breach of contract all fail because the essential elements of those claims are not supported by sufficient evidence. The court begins with the argument based upon the provisions of the applicable tariff.

Charter points to the provisions of the local exchange tariff filed by Charter with the Alabama Public Service Commission on February 16, 2007, and amended effective August 16, 2008. Section 2.1.3 of the tariff provides, in part, as follows:

> In view of the possibility of errors and difficulties occurring in the transmission of messages by telephone, and the impossibility of fixing the cause thereof, the customer assumes the risks connected with the service except as follows:
>> If the initial installation is defective or if service is interrupted for more than twenty-four (24) hours otherwise than by the negligence or willful act of the customer or due to customer premises equipment, an allowance limited to the prorated portion of the month rate or guarantee for the service . . . shall be made after notice and demand to the Telephone Company.
>
> * * *

5

> The customer indemnifies and saves the Company harmless . . . against the following:
>> Acts or omissions of other companies when their facilities are used in connection with the Company's facilities to provide service.
>
>> * * *
>
>> Any accident, injury, or death occasioned by its equipment or facilities when such is not due to the negligence of the Company.
>
>> * * *
>
>> Liability for failure to provide service.

Exhibit #1 to Duran Affidavit at original p.11.

Charter also points out that Tariff PSC No. 1, as amended effective August 16, 2008, states that

> The Customer also agrees to release, indemnify and hold harmless the Company for any infringement or invasion of the right of privacy of any person or persons, caused or claimed to have been caused, directly or indirectly, by the installation, operation, failure to operate, maintenance, removal, presence, condition, occasion to use E911 service features . . . .
>
> To ensure 911 calls and emergency personnel are properly routed Telephone Company equipment must not be moved by the customer. Additionally, the Telephone Company recognizes one address for all lines on the same account and will not be responsible for multiple address location information.  Therefore, the customer is responsible for directing emergency personnel to the specific location of the person in need and to any other physical location if all telephone lines are not located at the address of the account.
>
> The Customer also agrees to release, indemnify and hold harmless the Telephone Company in using a Multimedia Terminal Adaptor (MTA) or a telephone modem, that requires electrical power in the event of failure.  The Telephone Company may provide battery backup for the MTA or modem to customers with the intent of providing telephone service in the event of a power outage.  However, continued telephone service in the event of a power outage is not guaranteed.
>
> **Under no circumstances shall the Company or its officers, directors, employees or agents have any liability** to the county, a person placing an

6

> emergency call on the system or **to any other person or entity, for any loss, damage, injury or liability which they may suffer, sustain, incur or become subject to, arising out of, based upon or resulting from any negligence on the part of the Company or its officers, directors, employees or agents**.

Ex. #2 to Duran Aff. at revised p.12 (emphasis added).

Butler does not challenge the tariff itself, and concedes that under Alabama law, if no objections are made to a proposed tariff within thirty days from the submission, the tariff becomes law and is considered part of the service contract. Doc. 85 at p. 5. Butler argues, however, the liability section of the tariff does not relieve Charter from liability.

Although Butler's argument is not clear with respect to her breach of contract claim against Charter, she appears to argue that her breach of contract claim is not barred because the tariff states that the customer does not assume the risks of service "[i]f the initial installation is defective or if service is interrupted for more than twenty-four (24) hours otherwise than by the negligence or willful act of the customer." Ex. #1 to Duran Aff. at original p. 11. Such argument, however, ignores that the remedy for service interruption is "an allowance limited to the prorated portion of the month rate. . . ." *Id.* Therefore, while that tariff may allow for prorated monthly charges under certain circumstances, it does not allow for damages for breach of contract. To the contrary, the tariff expressly excludes "liability for failure to provide service." *Id.* Therefore, the court concludes that summary judgment is due to be GRANTED as to the breach of contract claim against Charter.

Butler also states that the tariff allows for liability for negligence. She points to the language of 2.1.3 excluding liability for accident, injury, or death not due to negligence of Charter. As set forth above, however, there is a separate provision which expressly states that

Charter is not liable under any circumstances to any other person for any loss, damage, injury or liability arising out of negligence of Charter.  Ex. #2 to Duran Aff. at revised p.12.   The tariff, therefore, first excludes liability for accident, injury or death not due to negligence of Charter, and thenadditionally excludes liability for loss, damage, injury or liability due to negligence of Charter.

As stated above, Butler concedes the validity of the tariff.  Butler does, however, make a reference to bargaining power in the context of a tariff.  *See* Doc. 85 at p. 8.  It may be, therefore, that Butler is attempting to argue that the liability exclusion within the tariff is unconscionable.  Butler, however, cites no support for the idea, and the court is aware of none, that a tariff is susceptible to a court challenge on the basis of unconscionability.   *Cf. Talton Telecommunication Corp. v. Coleman*, 665 So. 2d 914, 919 (Ala. 1995) (discussing exhaustion of remedies and noting that *Alabama Code* "Section 37-1-83 authorizes consumers to file a written complaint with the APSC concerning 'any rate, service regulation, classification, practice or service in effect or proposed to be made effective' that 'is in any respect unfair, unreasonable, unjust or inadequate, or unjustly discriminatory.'").   The court will, therefore, apply the language of the exclusions of the tariff.

Applying the plain language of the tariff, set out above, which expressly excludes liability for loss arising from negligence of Charter, the court agrees with Charter that the negligence claim against it in this case is excluded by the tariff, and summary judgment is due to be GRANTED as to that claim.

Butler does not address her wantonness claim against Charter in her response to the Motion for Summary Judgment.   Even in the absence of liability exclusions in the tariff, based

8

on the evidence presented by Butler that Charter responded to a service call the same day the call was made; that after thirty minutes spent attempting a repair, the technician stated that he did not have what he needed to complete the repair and would return; and that the fire occurred shortly after the repairman left, the court cannot conclude that there is sufficient evidence to create a question of fact as to wantonness.  *See Ex parte Capstone Bldg. Corp*., No. 1090966, 2011 WL 2164027, at *6 (Ala. June 3, 2011) (stating that "'Wantonness' has been defined by this Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.").  Summary judgment is, therefore, also due as to the wantonness claim.

Having concluded that Charter is entitled to summary judgment for the reasons discussed, the court need not address Charter's other arguments.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion to Substitute Names of Defendant (Doc. #61) is GRANTED, and Charter Fiberlink-Alabama, LLC and Marcus Cable Associates, LLC are SUBSTITUTED as Defendants in place of Charter Communications, Inc.  All pleadings referring to Charter Communications, Inc. will be considered as referring to these Defendants jointly.

2.  The Motion for Summary Judgment of Marcus Cable Associates, LLC and Charter Fiberlink-Alabama, LLC and/or In the Alternative Partial Summary Judgment, filed on September 1, 2011 (Doc. #74) is GRANTED and judgment will be entered in favor of Marcus Cable Associates, LLC and Charter Fiberlink-Alabama, LLC and against Demitria Butler.

Done this 8th day of November, 2011.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE